UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| MJR ONE, LLC | ) Case No. 09-10114 EEB |
| a Colorado Limited Liability Co. | ) Chapter 11 |
| EIN 01-0789551 | ) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) |
| | ) |
| MJR TWO, LLC | ) Case No. 09-10115 EEB |
| a Colorado Limited Liability Co. | ) Chapter 11 |
| EIN 01-0789554 | ) |
| | ) **Jointly Administered Under** |
| Debtor. | ) **Case No. 09-10114 EEB** |

**MOTION TO ENTER INTO AGREEMENTS WITH AND TO SELL CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES, AND TO PAY THE HOLDER OF THE FIRST DEED OF TRUST ON SUCH REAL PROPERTY AT A CLOSING ON THE SALE OF THE REAL PROPERTY, TO PAY THE APPROPRIATE FEE TO THE U.S. TRUSTEE PROGRAM INCURRED BY THE DEBTORS IN CONNECTION WITH THE SALE OF THE REAL PROPERTY, AND TO GRANT ADAMS COUNTY, COLORADO TEMPORARY CONSTRUCTION EASEMENTS**

      Debtors-in-Possession, MJR One, LLC and MJR Two, LLC ("Debtors"), through their counsel, Weinman & Associates, P.C., move this Court for an order pursuant to 11 U.S.C. §363, authorizing the Debtors (as detailed herein below) to enter into Agreements with and to sell certain real property to Adams County, Colorado free and clear of liens and encumbrances, to pay the holder of the first deed of trust on such real property being sold at the closing on the sale of the real property to Adams County, to pay the appropriate quarterly fee incurred by the Debtors in connection with the sale of the real property to the U.S. Trustee at the closing on the sale of the real property, and to grant Adams County, Colorado certain temporary construction easements as further described below.  In support thereof, the Debtors state as follows:

1.    The Debtors filed their voluntary Chapter 11 bankruptcy petitions on January 6, 2009.

2.    Since the date of the filing of their bankruptcy petitions, the Debtors have remained in possession of their assets and have operated their businesses and managed their financial affairs as Debtors-in-Possession pursuant to 11 U.S.C. §§1107 and 1108.

3. The Debtors are owners of certain real property which is located in Adams County, Colorado. Generally, such real property is described as follows:

   (a) 1325 W. 62nd Avenue, Denver, Colorado 80221, which is owned by MJR One, LLC.

   (b) 1300 W. 62nd Avenue, Denver, Colorado 80221, which is owned by MJR Two, LLC.

   (c) 6155 Lipan St., Denver, CO 80221, which is owned by MJR Two, LLC (collectively the "Real Property").

4. Certain secured creditors hold valid and perfected security interests in the Real Property as evidenced by certain duly recorded deeds of trust and as identified herein:

   (a) Chesterfield Mortgage Investors, Inc., which holds a first deed of trust on the property identified as 1325 W. 62nd Avenue, Denver, CO 80221, which is owned by MJR One, LLC.

   (b) Chesterfield Mortgage Investors, Inc., which holds a first deed of trust on the property identified as 1300 W. 62nd Avenue, Denver, CO 80221, which is owned by MJR Two, LLC.

   (c) Brooke Banbury, who holds a first deed of trust on real property secured by 6155 Lipan St., Denver, Colorado 80221, which is owned by MJR Two, LLC.

   (d) Additionally, Chesterfield Mortgage Investors, Inc. holds a second deed of trust on the real property located at 6155 Lipan St., Denver, Colorado 80221, which is owned by MJR Two, LLC.

5. The Debtors are informed and believe that Adams County, Colorado is intending to undertake a construction project identified as the "West 62nd Parkway-Pecos Street to Huron Street Project" ("Project"), which purpose is, among other things, to provide access to a commercial over-the-road truck stop which is being built on property which is just to the South of the Debtors' Real Property identified herein above. The Debtors are informed and believe that when the truck stop is completed, it will have a positive impact on the Debtors' ongoing business operations.

6. In connection with the construction of the project, the Debtors and Adams County have entered into certain Agreements generally described as a "Right of Way Agreement", "Temporary Construction Easement and Right of Way" and "Agreement for Reimbursement" to assist the Debtor with costs to install a retaining wall (MJR Two, LLC); and a "Temporary Construction Easement and Right of Way Entry" (MJR One, LLC).

7. MJR One, LLC and Adams County have entered into a Temporary Construction Easement and Right of Way Entry which the County has identified as "TE-16", which is a 1,731 square foot, or 0.04 acre temporary construction easement and right of entry for the purpose of construction of a new driveway entrance from 62nd Avenue onto the existing parking lot owned by MJR One, LLC (1325 W. 62nd Ave., Denver, CO 80221), including modifying the driveway approaches and repairing existing landscaping to match the new construction. All such work shall be done at the expense of Adams County. Following the completion of the work performed, the surface of the property damaged during construction shall be restored reasonably similar to its original condition or as close thereto as possible except as necessarily modified to accommodate the street improvement being installed. The Temporary Construction Easement and Right of Entry will be for a period of six (6) months with options to extend the Temporary Construction Easement and Right of Entry for three (3) month periods for a total period not to exceed one (1) year from the date of the expiration.

8. The consideration for the Debtor MJR One, LLC granting the Temporary Construction Easement and Right of Way to Adams County is the payment from Adams County of $800 and in the event that extensions of the easement are granted, the Debtor shall be additionally compensated on the basis of $.10 per square foot for any such temporary easement so extended. The property upon which the Debtor MJR One, LLC desires to grant the Temporary Construction Easement and Right of Entry to Adams County is encumbered by the first deed of trust of Chesterfield Mortgage Investors, Inc. The $800 proceeds and any payments received for extensions shall be held by the Debtor in its Debtor-in-Possession account and shall not be disbursed except upon further order of the Court. A copy of the proposed Temporary Construction Easement and Right of Entry and accompanying exhibits are attached hereto and incorporated herein by this reference as Exhibit "A".

9. The Debtor MJR Two, LLC and Adams County have entered into a Right of Way Agreement and accompanying Temporary Construction Easement and Right of Entry for the conveyance of rights of way and temporary easements on property located south of 62nd Avenue between Huron Street and Pecos Street, Adams County, Colorado (6155 Lipan St., Denver, CO 80221), in connection with the Project.

10. MJR Two, LLC has agreed to convey two (2) parcels of land: one parcel containing approximately 28,864 square feet, or 0.63 acres; and a second parcel of land containing approximately 2,353 square feet, or 0.054 acres, to Adams County for the total purchase price of $122,750 (approximately $3.85 per square foot).

11. MJR Two, LLC has agreed to grant Adams County a Temporary Construction Easement and Right of Entry for the purpose of construction of a physical roadway, improvements and temporary construction access as part of the Project. All work shall be done at the expense of Adams County. Following completion of the work performed, the surface of the property damaged during construction shall be restored reasonably similar to its original condition or as close thereto as possible except as necessarily modified to accommodate the street improvement being installed. The initial term of the easement shall be for a period of six (6) months with the County being granted an option to extend the Temporary Construction Easement and Right of Entry for three (3) month periods for a total period not to exceed one (1) year. In the event Adams County exercises its option to extend the Temporary Construction Easement and Right of Entry, the Debtor shall be compensated on the basis of $.10 per square foot for each such temporary easement extended to Adams County.

12. Adams County has agreed to reimburse MJR Two, LLC to assist in the cost to install a retaining wall along a portion of MJR Two, LLC's property damaged and lying in proximity to the Project.

13. The Real Property owned by MJR Two, LLC, a portion of which it intends to sell the Right of Way and grant the Temporary Construction Easements to Adams County, is encumbered by a first deed of trust in favor of Brooke Banbury.

14. Copies of the Right of Way Agreement and exhibits attached thereto, the Temporary Construction Easement and Right of Entry to be entered into between Debtor MJR Two, LLC and Adams County, Colorado, and the Agreement for Reimbursement of Costs to build the retaining wall, are attached hereto as Exhibits "B", "B-1" and "B-2".

15. Secured creditor Brooke Banbury holds a first deed of trust on the Real Property owned by MJR Two and is owed approximately $243,815. Secured creditor Chesterfield Mortgage Investors, Inc. holds a second deed of trust on the Real Property owned by MJR Two.

16. Debtor requests that the Court order the proceeds from the sale of the parcels of Real Property by MJR Two, LLC to Adams County be paid over to Brooke Banbury at the closing on the sale of the subject Real Property owned by MJR Two to Adams County, Colorado.

17. MJR Two requests that it be authorized to pay the appropriate quarterly fee, calculated on the total amount of disbursements from the sale of the parcels of the Real Property from the proceeds of the Real Property owned by MJR Two and that such amount be paid to the U.S. Trustee at the closing on the sale of the parcels of Real Property owned by MJR Two to Adams County, Colorado. The Debtor estimates that the amount that will be paid to the U.S. Trustee is $1,625.

18. The Debtors are informed and believe that the sale of the parcels of real property identified herein, the granting of Temporary Constructions Easements as identified herein to Adams County and the reimbursement by Adams County for the retaining wall is in the best interest of the Debtors, the Debtors' bankruptcy estates, creditors of the Debtors and parties in interest. If approved, the net proceeds from the sale of the parcels of Real Property owned by MJR Two and encumbered by Brooke Banbury will reduce the total liability of the estate of MJR Two by reducing the amount owed to the creditors of MJR Two's estate.

19. The Debtors are informed and believe that the construction of the parkway will ultimately be of benefit to the Debtors with respect to the Debtors' ongoing business operations by increasing their business and their ability to reorganize under Chapter 11 of the Bankruptcy Code.

20. The Construction Easements are only temporary in nature and when the construction is completed, the easements will be removed from the Debtors' Real Property.

21. The Debtors believe that the price which Adams County is to pay to MJR Two for the parcels of Real Property and to assist MJR Two, LLC with respect to the retaining wall is fair, equitable and reasonable.

22. Adams County has agreed to restore the Debtors' property and to do necessary construction without cost to the Debtors.

WHEREFORE, for reasons as set forth above, the Debtors respectfully request that they be authorized to enter into and to sell certain parcels of Real Property and to grant Temporary Construction Easements to Adams County, Colorado as identified herein above, to pay the holder of the first deed of trust, Brooke Banbury, on the Real Property owned by MJR Two at the closing on the sale of the Real Property, to pay the appropriate quarterly fee to the U.S. Trustee calculated on the sale of the Real Property owned by Brook Banbury on the closing of the sale of the Real Property, and for such further relief as is deemed appropriate by this Court.

DATED: July 9, 2009

        Respectfully Submitted,

        WEINMAN & ASSOCIATES, P.C.

        By: \s\ William A. Richey
            Jeffrey A. Weinman, #7605
            William A. Richey, #13438
            730 17th Street, Suite 240
            Denver, CO 80202-3506
            Telephone: (303) 572-1010
            Facsimile: (303) 572-1011
            jweinman@epitrustee.com
            wrichey@weinmanpc.com

**CERTIFICATE OF MAILING**

I hereby certify that I have mailed on this 9th day of July, 2009, a true and correct copy of the foregoing **MOTION TO ENTER INTO AGREEMENTS WITH AND TO SELL CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES, AND TO PAY THE HOLDER OF THE FIRST DEED OF TRUST ON SUCH REAL PROPERTY AT A CLOSING ON THE SALE OF THE REAL PROPERTY, TO PAY THE APPROPRIATE FEE TO THE U.S. TRUSTEE PROGRAM INCURRED BY THE DEBTORS IN CONNECTION WITH THE SALE OF THE REAL PROPERTY, AND TO GRANT ADAMS COUNTY, COLORADO TEMPORARY CONSTRUCTION EASEMENTS** by placing the same in the United States mail, postage prepaid, addressed to:

Alison E. Goldenberg, Esq.
U.S. Trustee's Office
999 18th St., #1551
Denver, CO 80202

MJR One, LLC
MJR Two, LLC
Attn: Luis Ramirez
1300 W. 62nd Ave.
Denver, CO 80221

Susan J. Hendrick, Esq.
Aronowitz & Ford, LLP
1199 Bannock Street
Denver, CO 80204

Andrew C. Snyder, Esq.
Law Firm of Andrew C. Snyder
8400 E. Prentice Ave., Ste. 1500
Greenwood Village, CO 80111

Jennifer M. Wascak, Esq.
Adams County Attorney's Office
450 S. 4th Avenue
Brighton, CO 80601

Brooke Banbury
1301 16th Street
Denver, CO 80202-1505

            \s\ Lisa R. Kraai